UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick R. Harrison,<br>*aka Peter Lloyd Thomas # 595325*,<br>*aka Peter L. Thomas # 595325*,<br><br>                    Plaintiff,<br><br>vs.<br><br>United States Attorney General; Immigration and Customs Enforcement (ICE); South Carolina Attorney General; City of Columbia Police Department; Alvin S. Glenn Detention Center; Officer V. Moorer, Police Officer, City of Columbia Police Department; Officer V. Jarvis, Corrections Officer, Alvin S. Glenn Detention Center; Lt. Davis, Corrections Officer, Alvin S. Glenn Detention Center,<br><br>                    Defendants.<br>_____ | ) C/A No. 4:11-cv-71-JFA-TER<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Patrick R. Harrison, also known as Peter Lloyd Thomas, also known as Peter L. Thomas (Plaintiff), is a pretrial detainee in Richland County's Alvin S. Glenn Detention Center (ASGDC) in Columbia, South Carolina. Plaintiff brings this civil rights action against Defendants, seeking compensatory and punitive damages and injunctive relief, pursuant to 42 U.S.C. § 1983[1] and *Bivens*

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1

*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[2] Plaintiff's Complaint alleges that: (1) "Federal & State agencies did conspire to deny [Plaintiff's] constitutional rights with arrest and detention," *see* ECF No. 1, p. 3-4; (2) "Alvin S. Glenn Detention Center's Law Library and Policies Unconstitutionally restricts Sufficient inmate access to an adequate law library and impedes inmate access to the Courts," *see* ECF No. 1, p. 5-6; and (3) "Immigration & Customs Enforcement Did Violate Plaintiff's Constitutional Rights under the 5th, 6th, 8th and 14th Amendments of the United States Constitution when it used excessive force and unlawful removal of Plaintiff to Kingston, Jamaica in February, 2006," *see* ECF No. 1, p. 6-7. Proceeding *pro se*, Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Having carefully reviewed the Complaint, the undersigned recommends that it be summarily dismissed, without prejudice and

---

[2] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim brought against a federal official for violation of a plaintiff's constitutional rights is analogous to a claim brought under 42 U.S.C. § 1983 against a state official in his or her personal capacity for violation of a plaintiff's constitutional rights while the defendant was acting under color of state law. Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act "under color of state law." *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988)(abrogated on other grounds by *Johnson v. Jones*, 515 U.S. 304 (1995), *see Winfield v. Bass*, 106 F.3d 525, 529 (4th Cir. 1997)). *Bivens* claims, like § 1983 claims, address violations of constitutional rights by "persons." Under *Bivens*, "[A] plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

without issuance and service of process, because it is frivolous, fails to state a claim on which relief may be granted by this Court, and/or seeks monetary relief against a Defendant who is immune from such relief.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A[3]; 42 U.S.C. § 1997e (the Prison Litigation Reform Act of 1995 (PLRA)); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(I), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Pursuant to Rule

---

[3] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

12(h)(3) of the Federal Rules of Civil Procedure, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

As Plaintiff is a *pro se* litigant, this Court is required to liberally construe his pleadings, holding them to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

**I.      Claims Against the Attorney General of the United States and Immigration and Customs Enforcement (ICE)**

First, as a threshold matter, "[i]t is axiomatic that the United States may not be sued without consent and that the existence of consent is a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Second, a suit against a federal agency or a federal officer in his or her official capacity is equivalent to a claim against the United States. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The United States has not consented to suit under the *Bivens* Doctrine, and the bar of sovereign immunity cannot be avoided by naming officers or employees of the United States, such as the Attorney General, as defendants. *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). *Cf. Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) A *Bivens* action cannot lie against either the United States, a federal agency, or federal agents acting in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994)(holding that a *Bivens* action is unavailable against federal agencies); *Randall v. United States*, 95 F.3d 339, 345 (4th Cir.

1996)("Any remedy under *Bivens* is against federal officials individually, not the federal government.").

Defendant Immigration and Customs Enforcement (ICE) is the principal investigative arm of the United States Department of Homeland Security and an agency of an executive department of the government of the United States. Defendant Attorney General of the United States is the head of the United States Department of Justice, an executive department of the government of the United States, and the chief law enforcement officer of the federal government. Plaintiff's Complaint does not allege that there has been a waiver of sovereign immunity in this action. Thus, Plaintiff's *Bivens* claims against Defendant Attorney General of the United States, in his official capacity, and against Defendant Immigration and Customs Enforcement (ICE) are barred by the doctrine of sovereign immunity.

Additionally, as to Defendant Immigration and Customs Enforcement (ICE), it is well settled that only "persons" may act under color of state or federal law. Therefore, a defendant in a § 1983/*Bivens* action must qualify as a "person." Defendant Immigration and Customs Enforcement, itself, is an inanimate entity, and is not a "person" under *Bivens*. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996). It is, therefore, not a proper Defendant in this § 1983/*Bivens* lawsuit and for this additional reasons, Plaintiff's Complaint against Defendant Immigration and Customs Enforcement (ICE) should be dismissed because it fails to state a claim on which relief may be granted by this Court.[4]

---

[4] Plaintiff's list of Defendants in this case, on page two of his Complaint, refers to "Immigration & Customs Enforcement and all agents directly (physically) or indirectly (administratively) involved in the 2010 conspiracy or the 2006 removal." *See* ECF No. 1, p. 2. However, Plaintiff's Complaint fails to identify or name any individual ICE agents in connection with Plaintiff's 2010 arrest.

Assuming, plaintiff is attempting to allege a claim under *Bivens* against Defendant Attorney General of the United States, in his individual capacity, it fails to state a claim on which relief may be granted by this Court. There are no allegations of personal involvment by the Attorney General of the United States, regarding the alleged violations of Plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *see generally*, *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). Therefore, Plaintiff's Complaint fails to state a claim

---

As to Plaintiff's Complaint's allegations concerning this Defendant's use of excessive force in coercing him to sign a voluntary deportation document and forcibly removing him from the country in February 2006, Plaintiff alleges that three unidentified ICE agents violated his constitutional rights at JFK Airport in New York City. However, as to this claim, the Complaint appears on its face to be untimely. Based on *Owens v. Okure*, 488 U.S. 235 (1989) and *Wilson v. Garcia*, 471 U.S. 261 (1985), a state's general or residual statute of limitations governing personal injury actions is the applicable statute of limitations for § 1983/*Bivens* actions. In South Carolina and New York, the applicable statute of limitations is three years. See S.C. Code Ann. § 15-3-530(5) and Civil Practice Laws and Rules, Art. 2, Secs. 214, 214.s, 215, respectively. Because almost five years lapsed between the time the alleged acts occurred and the time Plaintiff filed this lawsuit against Defendant ICE, Plaintiff's claim of excessive force is untimely by almost two years. Thus, as to Defendant ICE, this is an additional basis for summary dismissal of the Complaint.

To the extent that Plaintiff's Complaint attempts to challenge his 2006 removal order, itself, this Court lacks jurisdiction to hear such a challenge. In 2005, Congress passed the REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231 (2005), which "streamlined the process for seeking judicial review of removal orders under the INA [ Immigration and Nationality Act]." *Dragenice v. Gonzales*, 470 F.3d 183, 186 (4th Cir. 2006). The Act vested sole jurisdiction over habeas corpus petitions challenging removal orders in the U.S. Courts of Appeals. The Act states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(5). The statutory exception is not applicable in this case. Thus, the Act specifically deprives federal district courts of jurisdiction to consider actions that attack removal orders. *Dragenice v. Gonzales*, 470 F.3d at 186.

on which relief can be granted and should be dismissed. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389n. 2 (4th Cir. 1990) (dismissal proper where there were no allegations to support claim).

## II.     Claim Against the Attorney General of the State of South Carolina

As to Defendant Attorney General of the State of South Carolina, the Eleventh Amendment to the United States Constitution bars suits for damages and retrospective relief against a state or its subdivisions under § 1983. *See Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan*, 415 U.S. at 663. A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and neither a State nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)(citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). As such, it is no different from a suit against the State itself. Thus, Plaintiff's § 1983 claim against Defendant Attorney General of the State of South Carolina, in his official capacity, is barred by the Eleventh Amendment to the United States Constitution.

Plaintiff's Complaint may be liberally construed as an attempt to allege a claim for prospective injunctive relief under § 1983 against Defendant Attorney General of the State of South Carolina, in his official capacity, and/or a claim for monetary damages against him in his individual capacity. A state official in his or her official capacity, when sued for injunctive relief, would be a "person" under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14 (1985); *Ex parte Young*, 209 U.S. 123, 159-160 (1908). However, there are no allegations of any kind, much less of personal

wrongdoing, against Defendant Attorney General of the State of South Carolina. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *see generally*, *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). Since there are no allegations whatsoever of any wrongdoing on the part of Defendant Attorney General of the State of South Carolina, Plaintiff's Complaint not only fails to state a claim on which relief can be granted, it is frivolous as to this Defendant. Under 28 U.S.C. § 1915(e)(2)(B)(i), this Court should dismiss an action filed *in forma pauperis* by a plaintiff which "is frivolous or malicious."

### III.    Claims Against the City of Columbia Police Department and Officer V. Moorer, Police Officer, City of Columbia Police Department

Plaintiff alleges that:

> The City of Columbia Police Department did conspire with Immigration & Customs Enforcement to deny Plaintiff's Constitutional Right to Due Process and Equal Protection of the law by excluding the fact that ICE was the complainant coming forward with information leading directly to his arrest on charges of Manufacturing DVDR's & Distribution of Counterfeit Goods. This exclusion was unlawful in that it denies Plaintiff's Constitutional Right to be able to confront his accusers. That being ICE and whomsoever presented it with obviously 'Hearsay' information. In Plaintiff's two (2) judicial proceedings: 1) Court appearance on summons # 35267 F9 - violation for operating without Business License (9-29-10); and 2) Preliminary Hearing (11-24-10) on the two above-named, General Sessions charges, Police Officer V. Moorer admitted that ICE contacted the Columbia Police Department with information to the extent that an alleged crime was being committed within its jurisdiction. After this tip, the Department authorizes Officer Moorer to file an affidavit devoid of information relative to its source (Immigration & Customs Enforcement) in order to acquire a Search Warrant under false pretenses. The only alternative to this scenario is that a valid search warrant was never sought, instead an affidavit simply drafted by Officer V. Moorer and co-conspirators to give the false impression that there exists a valid case and to cover up ICE's involvement. V. Moorer's Preliminary Hearing testimony denies any verifiable evidence to sustain the, obviously concocted, story included in her Affidavit In Support of The Search Warrant - An elaborate ruse, motivated by its intent to create a diversion aimed at covering up ICE's plan to exact another extrajudicial removal of Plaintiff from the USA, as done in February 2006.

>       Either way, what can't be escaped is the fact that ICE being the catalyst behind the arrest was totally absent from the Police Affidavit.  Using false information or excluding pertinent factual data in a sworn Affidavit, by a police officer, to procure a Search Warrant by deceiving judicial authority and which would knowingly & willfully deny a defendant's Constitutional Rights, also violates the public trust.
>
>       Support of Plaintiff's claim of falsified arrest and cover-up is magnified by his arrest as Peter L. Thomas.  Officer V. Moorer, having already testified that ICE contacted her department and provided Plaintiff's true ID (Patrick R. Harrison) and a dossier of background information, including admittance to USA in 1968 as a Legal Permanent Resident, his Deportation (circa '94) and removal in 1999, his re-removal in 2006 and subsequent reappearance in NYC, etc.  Additionally, an ICE agent was present at Plaintiff's arrest and was given implicit permission to question him on the scene (inside Spin Doctors).  So, with all the information provided it, coupled with the positive ID made by ICE at the scene, no mention is made in the arrest warrant of ICE's involvement.  There exists an Affidavit In Support of The Search Warrant, Search Warrant (S10-261), Return (list of items confiscated) and two (2) arrest warrants (K-668948 & K-668949), none of which include a solitary mention of ICE's participation in any way, shape or form.  The Court is therefore compelled to seek answers to dispel the unavoidable conclusion that must be drawn - that there exists a conspiracy between ICE and the City of Columbia Police Department to unlawfully deny Plaintiff's Constitutional Rights. . . . Plaintiff, hereby asserts that his arrest was one directed specifically based upon directives made by Immigration & Customs Enforcement solely for reasons beyond the jurisdiction of Columbia Police, *i,e,* Plaintiff's Immigration Status and another imminent extrajudicial removal from the United States.  Therefore, arrests on the current charges are but a smokescreen to mask its true intent, was never meant to incur any additional arrests and thus explains the uncharacteristic release of others temporarily detained at Spin Doctors, as no evidence of criminal conduct existed.
>
>       It is no coincidence that Officer V. Moorer, author of all Affidavits used against Plaintiff, and whom we all witnessed peel Spin Doctors' South Carolina Department of Revenue Tax License from its customary place above the counter, when asked at the Preliminary Hearing if she knew whether Spin Doctors owned such a license, she responded "I don't know!"  To claim not to know, as the lead investigator, who wrote the summons for "Operating Without A Business License," some two (2) months later, is blaytantly dishonest. . . . Officer Moorer's response was meant to discredit any shred of authenticity for Spin Doctors and guarantee that the case would be bound over to the General Sessions Court.  Manufacturing evidence was not enough, it appears, as Officer Moorer seemed intent on disavowing Spin Doctors as a licensed tax-payer."

ECF No. 1, p. 3-4.

Defendant, the City of Columbia Police Department, it is not a "person," subject to suit under §1983. Under *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658, 694 (1978), the City of Columbia may be liable pursuant to § 1983 for the violation of a plaintiff's constitutional rights, but "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" *See Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir.1984). A plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to "identify a municipal 'policy,' or 'custom' that caused [plaintiff's] injury." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403(1997) (quoting *Monell*, 436 U.S. at 694).

Plaintiff makes no allegations that Defendant Officer V. Moorer's alleged wrongful actions were in furtherance of any policy, custom, or practice of the City of Columbia Police Department. In fact, Plaintiff's Complaint alleges just the opposite: "What are the Standard Operating Procedures and were they being followed by Officer V. Moorer? The resounding answer is no!" ECF No. 1, p. 4. As noted above, "the doctrine of *respondeat superior* generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action." *See Monell*, 436 U.S. at 694; *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142-43 (4th Cir.1982). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id*. It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief. *Francis*

*v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). At most, Plaintiff's Complaint merely attributes, in purely conclusory fashion, allegations of unspecified conspiratorial acts and motivations to the municipal agency, the City of Columbia Police Department, based on the alleged conduct of the individual, Defendant Officer V. Moorer.

Plaintiff's allegations against the individual Defendant Officer V. Moorer, alleging "falsified arrest and cover up," are liberally construed as claims under § 1983, based on false arrest or malicious prosecution, or under § 1985(3) for conspiracy to interfere with Plaintiff's civil rights. Plaintiff alleges that he was arrested by Officer V. Moorer on charges of operating a business without a license, manufacturing DVDRs, and distributing counterfeit goods as a pretext, while she was acting in conspiracy with and at the direction of ICE, in order to subject Plaintiff to "an imminent extrajudicial removal from the United States." ECF No. 1, p. 4. However, in a § 1983 action based on unreasonable seizure in violation of the Fourth Amendment, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest). Plaintiff's Complaint does not allege that he was arrested without a warrant, so Plaintiff's factual allegations fail to state a plausible claim for false arrest. Recently, in *Dorn v. Town of Prosperity*, No. 08-2005, 375 Fed. Appx. 284 (4th Cir. 2010) (unpublished), the Fourth Circuit distinguished a false arrest claim from a malicious prosecution claim, holding that, if a lawful arrest has been improvidently procured, without probable cause, the plaintiff's remedy lies in an action for malicious prosecution, in which action the necessary element of malice may be inferred

as a fact from the want of probable cause. However, another essential element in a malicious prosecution claim is the termination of the criminal charge in the plaintiff's favor and in a manner consistent with the plaintiff's innocence. *Lambert v. Williams*, 223 F.3d 257, 261-62 & n.2 (4th Cir. 2000). This complaint is subject to summary dismissal without prejudice because it fails to allege sufficient facts to state a plausible claim for malicious prosecution under § 1983. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), in order to recover damages for an allegedly unconstitutional prosecution, a § 1983 Plaintiff must prove that the criminal charges on which the claim is based were resolved in his favor. fn   *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996)(claim for malicious prosecution does "not accrue until a favorable termination is obtained"). In other words, Plaintiff must demonstrate that he was arrested pursuant to a warrant not supported by probable cause and that the criminal proceedings against him terminated in his favor. *See Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005); *Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist). Here, Plaintiff has not alleged that the criminal charges against him have been terminated in his favor, and Plaintiff remains incarcerated pending trial on those charges. Thus, Plaintiff's factual allegations fail to state a plausible claim for malicious prosecution.

To the extent that Plaintiff's Complaint attempts to state a claim under § 1983 that Defendant Officer V. Moorer conspired with Defendant Immigration and Customs Enforcement (ICE) to violate Plaintiff's constitutional rights, generalized allegations of conspiracy are not sufficient to maintain a claim under § 1983, either. *See Wetherington v. Phillips*, 380 F. Supp. 426, 428-429

(E.D.N.C. 1974), aff'd., 526 F.2d 591 (4th Cir. 1975). "To establish a civil conspiracy under § 1983, [the plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [his] deprivation of a constitutional right." *Marshall v. Odom*, 156 F.Supp. 2d 525, 532 (D. MD. 2001), citing *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 421 (4th Cir.1996).

In essence, Plaintiff alleges that the search warrant and arrest warrants obtained by Officer V. Moorer in Plaintiff's state court criminal case were defective and violated Plaintiff's constitutional rights because "none of [them] include a solitary mention of ICE's participation in any way, shape or form," (ECF No. 1, p. 3), in the investigation of Plaintiff's alleged violations of South Carolina law and federal immigration law. In other words, Plaintiff does not assert the information was not correct or that there was a lack of probable cause. He asserts that the search warrant affidavit simply did not disclose that ICE agents brought the information to officer Moorer's attention. Consequently, the Complaint should be summarily dismissed as against Defendant City of Columbia Police Department and Defendant Officer V. Moorer.

**IV.     Claims Against the Alvin S. Glenn Detention Center, Corrections Officer V. Jarvis, and Corrections Officer Lt. Davis**

As to Defendants Alvin S. Glenn Detention Center, and its corrections officers, Defendant Officer V. Jarvis and Defendant Lt. Davis, Plaintiff's Complaint alleges that "ASGDC's law library policy clearly flies in the face of constitutionally accepted standards established by the United States Supreme Court. It institutes unduly repressive restrictions on its inmate population by barring some inmates outright from the law library and sever[e]ly restricts others and hampers timely access to

13

the Courts for all inmates."[5] ECF No.1, p. 5. Plaintiff alleges that "Its written policy admonishes that access to the law library is a privilege and not a right. This archaic viewpoint is emboldened by its argument that because South Carolina supplies inmates with a 'so-called' Public Defender, it has no burden to supply them with such access in any form." ECF No. 1, p. 5. Plaintiff alleges that "100-plus days of confinement and only two (2) separate 1-hr sessions afforded in a law library found to be sorely lacking and falling short of Constitutionally accepted standards. Current access stands at one (1) hour per inmate, per 5-6 week intervals according to officer V. Jarvis & Lt. Davis in written grievance responses, which is totally inadequate." ECF No. 1, p. 5. Finally, with respect to this claim, Plaintiff alleges that ASGDC's policies and procedures concerning limitations on copying of documents, its imposition of charges for such copies, and its lack of court filing forms which must be requested from the clerk of court offices of various courts "makes the presumption of adequate access to the law library and courts even more remote at ASGDC." ECF No. 1, p. 6.

The Fourth Circuit Court of Appeals has held that local jails such as ASGDC, which are designed for temporary detention, are generally not required to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The Fourth Circuit further held in *Magee* that a lack of access to courts claim should be dismissed if the plaintiff fails to allege a specific problem he wishes to research and further fails to show actual harm/specific injury. *Id.* Furthermore, if a plaintiff has counsel, no access to a law library is required to be given. *United States v. Chatman*, 584 F.2d.

---

[5] The Fourth Circuit has held that "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a prisoner, proceeding *pro se,* cannot represent other prisoners in a class action). *See Hummer v. Dalton*, 657 F.2d 621, 623 n. 2, 625-626 (4th Cir. 1981) (suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). Therefore, to the extent that Plaintiff's Complaint attempts to state a claim on behalf of other ASGDC pretrial detainees or inmates, he cannot do so.

1358, 1360 (4th Cir. 1978) (obligation of prison authorities to provide adequate law libraries satisfied when defendant is offered assistance of counsel).[6] *See Wise v. Florence County Det. Ctr.*, Civil Action No. 6:10-969-HFF-KFM, 2010 U.S. Dist. LEXIS 68709 at * 2-3 (D.S.C. 2010).

In order to make out a *prima facie* case of denial of access to the courts, Plaintiff cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723-24 (4th Cir. 1989); *Strickler v. Waters*, 989 F.2d 1375, 1382-85 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993).

Although plaintiff alleges that he has suffered weight loss as a result of bartering meals for mailing and copying documents, he fails to allege a constitutional injury relating to a denial of access to courts. *See Lewis v. Casey*, 518 U.S. 343 (1996) (plaintiff must allege actual injury resulting from allegedly inadequate jail library in order to state a claim under section 1983).

Additionally, as to Defendant Alvin S. Glenn Detention Center (ASGDC), it is well settled that only "persons" may act under color of state or federal law. Inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]"

---

[6] State court records indicate that Plaintiff is represented by attorneys James Hunter Mays and Clarke Newton of the Richland County Public Defender's Office. *See* (case no. K668949; indictment no. 2011GS4002550), (case no. K668948; indictment no. 2011GS4002545), Richland County Fifth Judicial Circuit Public Index Search website, http://www4.rcgov.us/PublicIndex/PISearch.aspx?CourtType=G (last visited June 6, 2011). The Court may take judicial notice of court records and factual information located in postings on court and government websites. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"). *See also, In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records);

subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). It is, therefore, not a proper Defendant in this § 1983/*Bivens* lawsuit and Plaintiff's Complaint fails to state a claim on which relief may be granted by this Court, as to Defendant Alvin S. Glenn Detention Center.

### Recommendation

Accordingly, it is recommended that the Complaint be summarily dismissed, without prejudice and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70. (4th Cir. 1983); *see also* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 15, 2011
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).